[Cite as *State v. Quin*, 2021-Ohio-4205.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | Hon. William B. Hoffman, J. |
| -vs- | Case No. 2021 CA 00044 |
| CHRISTOPHER M. QUIN | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
                              Common Pleas, Case No. 20 CR 00611


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 29, 2021


APPEARANCES:


For Plaintiff-Appellant                For Defendant-Appellee

WILLIAM C. HAYES                       APRIL CAMPBELL
Licking County Prosecutor              46 ½ N. Sandusky Street
                                       Delaware, Ohio 43015
PAULA M. SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Hoffman, J.*

**{¶1}** Plaintiff-appellant the state of Ohio appeals the judgment entered by the Licking County Common Pleas Court granting Defendant-appellee Christopher Quin's motion to suppress evidence taken from the search of a motor vehicle.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 23, 2019, Quin was involved in a motor vehicle accident in Licking County, Ohio. The driver of the other vehicle involved in the collision died at the scene of the crash. Five days after the accident, police obtained a search warrant to search the car Quin was driving at the time, including computer data from the vehicle.

**{¶3}** Quin was indicted by the Licking County Grand Jury with one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a). Quin moved to suppress evidence taken from the motor vehicle on the basis the search warrant was unsupported by probable cause. The trial court granted the motion to suppress, finding the search warrant was unsupported by probable cause because the affidavit supplied by police was a "bare bones affidavit," and further the good faith exception did not apply because the warrant was so lacking in indicia of probable cause as to render official believe in its existence entirely unreasonable.

**{¶4}** It is from the June 14, 2021 judgment of the trial court the State prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED IN GRANTING DEFENDANT CHRISTOPHER QUIN'S MOTION TO SUPPRESS.

{¶5} The State first argues in its judgment finding the search warrant to be unsupported by probable cause, the trial court focused on the lack of information regarding the allegation of driving while intoxicated, while ignoring the fact R.C. 2903.06 and R.C. 2903.08 also apply to reckless or negligent operation of a motor vehicle.

{¶6} In the instant case, the affidavit used to secure the search warrant provided Sgt. Frank Horvath of the Ohio State Highway Patrol had good cause to believe evidence of the crime of aggravated vehicular homicide, vehicular homicide, vehicular manslaughter, aggravated vehicular assault, or vehicular assault in violation of R.C. 2903.08 or R.C. 2903.06 are being kept in the vehicle Quin was driving at the time of the accident, which was housed at a towing company. The affidavit provides a single paragraph of the facts upon which the affiant's belief is based:

> On May 23rd, 2019, A Ford Explorer, driven by Christopher Quin, was traveling eastbound on Palmer Road. At the same time, a Toyota Camry was traveling southbound on Mink Street. The Ford Explorer ran the stop sign at the intersection and struck the Camry in the right front passenger door. As a result of the collision, the driver of the Camry lost their life. OVI is a suspected circumstance and the investigation is still underway.

{¶7} Search Warrant Affidavit, May 28, 2019.

{¶8} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct.

1868, 20 L.Ed.2d 889 (1968); *State v. Andrews*, 57 Ohio St.3d 86, 87, 565 N.E.2d 1271 (1991). In determining the sufficiency of probable cause in an affidavit submitted for a search warrant, a trial judge or magistrate must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. *State v. George*, 45 Ohio St.3d 325, 544 N.E.2d 640, at paragraph one of the syllabus (1980), *citing Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As a reviewing court, we must accord great deference to the issuing judge's determination of probable cause. *See George,* at paragraph two of the syllabus. Doubtful or marginal cases should be resolved in favor of upholding the warrant. *Id*. The totality of the circumstances must be examined in determining whether probable cause existed for a search warrant. *Illinois v. Gates, supra*. "Probable cause" means only the probability and not a prima facie showing of criminal activity. *George*, *supra*, at 644. *See, also, Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

{¶9}    We are unable to definitively determine whether the trial court considered if the affidavit provided probable cause to search the vehicle for evidence of either reckless or negligent driving, in addition to evidence of driving while intoxicated.    However, in reaching our ultimate conclusion, we specifically recognize the charges alleged in the affidavit included charges of reckless and/or negligent driving.

{¶10}  The trial court examined both the conclusion Quin ran a stop sign as well as the allegation of intoxication in granting the motion to suppress:

Here, the affidavit provided only that a traffic accident occurred between two vehicles and that the Defendant's vehicle ran a stop sign. However, other than the officer's claim, there was no information provided to the issuing judge that supported this conclusion. Nor, were there any facts provided to support any allegation that OVI was a suspected circumstance, as the affiant described. Significantly, there is no evidence to suggest, and the State does not argue, that the affidavit made any reference to, or incorporated by way of attachment, any of the results of the crash scene investigation, or of witness statements claiming to have smelled an odor of alcohol. Had this information been provided probable cause would have been established, but it wasn't.

**{¶11}** Judgment Entry, June 14, 2021.

**{¶12}** We agree with the conclusion of the trial court the affidavit was insufficient to provide probable cause evidence of a crime would be found in the vehicle Quin was driving. There is no information provided as to the basis of Sgt. Horvath's conclusion Quin ran a stop sign, nor is there anything in the affidavit to suggest probable evidence of reckless or negligent driving by Quin would be found in the motor vehicle. The mere fact Quin was involved in an accident which resulted in a death does not, in and of itself, demonstrate a probability evidence of his reckless or negligent driving was involved. To hold otherwise would mean all vehicles involved in an accident could be searched without anything more.

**{¶13}** More importantly, we find the affidavit does not set forth any facts supporting a basis for the affiant's conclusion Quin ran the stop sign, nor the affiant's suspicion of alcohol. The affidavit does not refer to an accident report or to witness statements, nor are such documents attached.[1] The affidavit contains no information to support the affiant's conclusion Quin ran a stop sign. The only reference in the affidavit to the investigation was it was ongoing.

**{¶14}** The State also argues even if the warrant was unsupported by probable cause, the motion to suppress should have been denied because officers relied in good faith on the warrant.

**{¶15}** The "good faith exception" to the exclusionary rule is set forth in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and adopted by the Ohio Supreme Court in *State v. Wilmoth*, 22 Ohio St.3d 251, 490 N.E.2d 1236 (1986).. Under the "good faith exception," the exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be unsupported by probable cause. *State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989), *citing Leon, supra* at 918-23, 926, 104 S.Ct. 3405. However, even under the "good faith exception," suppression of evidence is appropriate where any of the following occurs:

---

[1] Quin attached such documents to his motion to suppress, including a witness's statement he smelled alcohol at the scene of the crash. However, the documents were not supplied to the judge who issued the warrant, nor were they referenced in the affidavit.

* * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * *; (2) * * * the issuing magistrate wholly abandoned his judicial role * * *; (3) an officer purports to rely upon * * * a warrant based upon an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) * * * depending on the circumstances of the particular case, a warrant may be so facially deficient-i.e. in failing to particularize the place to be searched or the things to be seized-that the executing officers cannot reasonably presume it to be valid.

{¶16} *Leon, supra* at 923, 104 S.Ct. 3405.

{¶17} The trial court found the good faith exception did not apply in the instant case because the conclusions in the affidavit were not backed up by factual assertions. The trial court concluded the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. We agree.

{¶18} The *Leon* court applied the good faith exception where it found the warrant "was supported by much more than a 'bare bones' affidavit," as the affidavit related the results of an extensive investigation.[2] *Id.* at 926, 104 S.Ct. 3405. We find in contrast, the warrant in the instant case was issued solely on a bare bones affidavit. The affidavit

---

[2] In *Leon*, the United States Supreme Court considered only the question of the application of the good faith exception, and did not review the decision of the Ninth Circuit Court of Appeals finding the warrant unsupported by probable cause because the information in the affidavit was stale and failed to establish the credibility, reliability, or basis of knowledge of the informant.

recites no reference to facts discovered in the investigation of the accident. The affidavit sets forth a conclusion Quin ran the stop sign without any factual basis as to how the officer came to such knowledge, and sets forth no facts for the conclusion intoxication was suspected. This is a prime example of a "bare bones" affidavit. We find the trial court did not err in concluding the warrant was based upon an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

{¶19} The assignment of error is overruled. The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, J.
Baldwin, P.J. and
Gwin, J. concur